1  **SARA M. PELOQUIN**
California State Bar No. 254945
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3  San Diego, California  92101-5008
Telephone:  (619) 234-8467
4  sara_peloquin@fd.org

5
Attorneys for Mr. Ricardo-Talavera
6

7

8
                         UNITED STATES DISTRICT COURT
9
                        SOUTHERN DISTRICT OF CALIFORNIA
10
                          **(HONORABLE M. JAMES LORENZ)**
11
   UNITED STATES OF AMERICA,           )   CASE NO. 08CR02264-L
12                                      )
                 Plaintiff,             )   DATE: August 5, 2008
13                                      )   TIME:  2:00 p.m.
   v.                                   )
14                                      )   NOTICE OF MOTIONS AND MOTIONS TO:
   RICARDO TALAVERA,                    )
15                                      )   1)   COMPEL DISCOVERY AND PRESERVE
                 Defendant.             )        EVIDENCE; AND
16                                      )   2)   GRANT LEAVE TO FILE FURTHER
   _____)        MOTIONS
17
   TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
18          AARON CLARK, ASSISTANT UNITED STATES ATTORNEY:

19      **PLEASE TAKE NOTICE** that, on Tuesday, August 5, 2008, at 2:00 p.m., or as soon thereafter as

20  counsel may be heard, the accused, Ricardo Talavera, by and through his attorneys, Sara M. Peloquin, and

21  Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the motions listed below.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**MOTIONS**

Ricardo-Talavera, the accused in this case, by and through his attorneys, Sara M. Peloquin, and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an Order:

1) To Compel Further Discovery and Preserve Evidence; and

2) To Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

DATED: July 22, 2008

*/s/ Sara M. Peloquin*
**SARA M. PELOQUIN**
Federal Defenders of San Diego, Inc.
Attorneys for Ricardo Talavera

**SARA M. PELOQUIN**
California State Bar No.254945
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
sara_peloquin@fd.org

Attorneys for Mr. Ricardo Talavera

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICARDO TALAVERA, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO.   08CR02264-L <br> DATE:       August 5, 2008 <br> TIME:        2:00 p.m. <br> <br> STATEMENT OF FACTS AND <br> MEMORANDUM OF POINTS AND <br> AUTHORITIES IN SUPPORT OF <br> <u>MR. TALAVERA'S MOTIONS</u> |

**I.**

**STATEMENT OF FACTS**

On July 9, 2008, the June 2008 Grand Jury returned a one count indictment charging Mr. Talavera with illegal re-entry in violation of 8 U.S.C. § 1326.

**II.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Mr. Talavera moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989).

1   To date, ***defense counsel has received only <u>sixty</u> pages of discovery***.  Mr. Talavera respectfully
2   requests that the government be ordered to produce discovery because Mr. Talavera has reason to believe that
3   he has not received all the discoverable material in his case. Mr. Talavera specifically requests production
4   of a copy of the taped proceedings and any and all documents memorializing the deportation proceedings
5   allegedly held and any other proceedings that the government intends to rely upon at trial. This request
6   includes discovery of materials known to the government attorney, as well as discovery of materials which
7   the government attorney may become aware of through the exercise of due diligence. <u>See</u> FED. R. CRIM. P.
8   16.

9   Mr. Talavera has also not received a full copy of his A-file. Mr. Talavera filed a request for his A-file
10  with the National Records Center pursuant to the Freedom of Information Act, however, he fears that his
11  request will not be processed until after the completion of his trial. Thus, Mr. Talavera requests a full copy
12  of his A-file and any other immigration files linked to his immigration history. Mr. Talavera specifically
13  requests the documents memorializing the alleged deportation proceedings and any other proceedings that
14  the government intends to rely upon at trial.

15  Mr. Talavera additionally requests that the Court order the government to allow him the opportunity
16  to review his A-file in its entirety. First, the A-file contains documentation concerning his alleged deportation.
17  Part of Mr. Talavera defense may be that his underlying deportation was invalid. The documents in the A-file
18  would help illuminate the validity or futility of such a defense. For example, A-file documents typically
19  contain biographical information. Such information is essential to determining whether Mr. Talavera's
20  deportation was invalid.

21  Second, the government will likely try to show at trial that a government officer searched the A-file
22  and did not find an application by Mr. Talavera for permission to enter the United States. Mr.  Talavera
23  anticipates that the government will attempt to admit a "Certificate of Non-Existence of Record" against him,
24  arguing that if Mr. Talavera had ever applied for permission to enter the United States, such an application
25  would be found in the A-file and because such an application is not in the A-file, Mr. Talavera must not have
26  applied for permission to enter the United States.

27  Although the certificate might be admissible, the question of the thoroughness of the search
28  conducted by the government of the A-file  is, and should be, open to cross-examination. <u>United States v.</u>

1  Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Talavera should
2  be able to review his A-file in order to see whether any application for lawful admission exists. Moreover,
3  Mr. Talavera should also be able to verify whether other documents that would ordinarily be in the A-file are
4  "non-existent," or otherwise missing from his A-file. Mr. Talavera may assert a defense that his application
5  for lawful entry was lost or otherwise misplaced by the government. He must be allowed the opportunity to
6  review his A-file and the manner in which it is being maintained by the government in order to present this
7  defense.

8        In addition, Mr. Talavera moves for the production by the government of the following discovery.
9  This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed
10 below that is in the custody, control, care, or knowledge of *any government agency*. See generally Kyles v.
11 Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

12       Mr. Talavera moves for the production of the following discovery. This request is not limited to
13 those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody,
14 control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v.
15 Bryan, 868 F.2d 1032 (9th Cir. 1989).

16     (1)  Mr. Talavera's Statements. The government must disclose to Mr. Talavera all copies of any
17 written or recorded statements made by him; the substance of any statements made by Mr. Talavera which
18 the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; see id., any
19 response by him to interrogation; the substance of any oral statements which the government intends to
20 introduce at trial and any written summaries of Mr. Arredondo-Otiz's oral statements contained in the
21 handwritten notes of the government agent; any response to any Miranda warnings which may have been
22 given to him; as well as any other statements by Mr. Talavera. Fed. R. Crim. P. 16(a)(1)(A)[1]. The Advisory
23 Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government must reveal all the
24 accused's statements, whether oral or written, regardless of whether the government intends to make any use
25 of those statements. Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's rights to
26 a fair trial." United States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986); see also United States v. Noe, 821

27
28     [1] Of course, any of Mr. Arredondo-Oritz's statements, which are exculpatory, must be produced, as well. See Brady v. Maryland, 373 U.S. 83 (1963).

1  F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal --
2  government's failure to disclose statements made by the defendant is a serious detriment to preparing trial
3  and defending against criminal charges).

4    (2) <u>Arrest Reports and Notes</u>.  Mr. Talavera also specifically requests that the government turn
5  over all arrest reports, notes and TECS records not already produced that relate to the circumstances
6  surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes,
7  records, reports, transcripts, referral slips, or other documents in which statements of Mr. Talavera or any
8  other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A)
9  and <u>Brady v. Maryland</u>.  The government must produce arrest reports, investigators' notes, memos from
10 arresting officers, sworn statements, and prosecution reports pertaining to the defendant.  <u>See</u> Fed. R. Crim.
11 P. 16(a)(1)(B) and (C), 26.2 and 12(I); <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th Cir. 1976) (original
12 notes with suspect or witness must be preserved); <u>see also</u> <u>United States v. Anderson</u>, 813 F.2d 1450, 1458
13 (9th Cir. 1987) (reaffirming <u>Harris</u>' holding).

14   (3) <u>Brady Material</u>.  Mr. Talavera requests all documents, statements, agents' reports, and
15 tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
16 government's case.  <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).  Under <u>Brady</u>, <u>Kyles</u> and their progeny,
17 impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the
18 accused.  <u>See also</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).
19 This includes information obtained from other investigations which exculpates Mr. Talavera

20   (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  The
21 government must also produce this information under <u>Brady v. Maryland</u>.  This request includes any
22 cooperation or attempted cooperation by Mr. Talavera as well as any information, including that obtained
23 from other investigations or debriefings, that could affect any base offense level or specific offense
24 characteristic under Chapter Two of the Guidelines.  Mr. Talavera also requests any information relevant to
25 a Chapter Three adjustment, a determination of his criminal history, and information relevant to any other
26 application of the Guidelines.

27   (5) <u>Mr. Arredondo's Prior Record</u>.  Mr. Arredondo-Oritz requests disclosure of his prior record.
28 Fed. R. Crim. P. 16(a)(1)(D).

1  (6) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought. This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal. <u>See</u> <u>United States v. Vega</u>, 188 F.3d 1150 (9th Cir. 1999). Mr. Talavera is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of prejudice." <u>Id.</u>; <u>United States v. Perez-Tosta</u>, 36 F.3d 1552, 1560-61 (11th Cir. 1994). Mr. Talavera requests such reasonable notice at least two weeks before trial so as to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. Mr. Talavera requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E).

(8) <u>Request for Preservation of Evidence</u>. Mr. Talavera specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, Mr. Talavera's personal effects, and any evidence seized from Mr. Talavera or any third party in relation to this case.

In addition, Mr. Talavera requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. <u>Kyles</u>, 514 U.S. at 419; <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Lacy</u>, 896 F.Supp. 982 (N.D. Ca. 1995). At a minimum, the prosecutor has the obligation to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(9) <u>Tangible Objects</u>. Mr. Talavera requests the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Talavera. Fed. R. Crim. P. 16(a)(1)(E). Specifically, to the extent they were not already produced, Mr. Talavera requests copies of

1  all photographs in the government's possession, including, but not limited to, photographs of himself and any
2  other photos taken in connection with this case.

3      (10)    <u>Expert Witnesses</u>. Mr. Talavera requests the name, qualifications, and a written summary
4  of the testimony of any person that the government intends to call as an expert witness during its case in chief.
5  Fed. R. Crim. P. 16(a)(1)(G). The defense requests that notice of expert testimony be provided at a minimum
6  of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony,
7  including obtaining its own expert and/or investigating the opinions and credentials of the government's
8  expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications
9  of any expert. <u>See</u> <u>Kumho v. Carmichael Tire Co.</u> 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper"
10 and must determine reliability and relevancy of expert testimony and such determinations may require
11 "special briefing or other proceedings . . ..").

12     (11)    <u>Evidence of Bias or Motive to Lie</u>. Mr. Talavera requests any evidence that any prospective
13 government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or
14 her testimony.

15     (12)    <u>Impeachment Evidence</u>. Mr. Talavera requests any evidence that any prospective government
16 witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has
17 made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>.

18     (13)    <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Talavera requests any
19 evidence that any prospective witness is under investigation by federal, state or local authorities for any
20 criminal conduct.

21     (14)    <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The
22 defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
23 that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and
24 any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
25 alcoholic.

26     (15)    <u>Jencks Act Material</u>. Mr. Talavera requests production in advance of trial of all material,
27 including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500;
28 Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at Mr. Talavera's request to

1 investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account
2 of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1).
3 Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952 F.2d 1101
4 (9th Cir. 1991) (holding that, where an agent goes over interview notes with subject, interview notes are
5 subject to Jencks Act).

6     (16)   Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Talavera
7 requests all statements and/or promises, express or implied, made to any government witnesses, in exchange
8 for their testimony in this case, and all other information which could arguably be used for the impeachment
9 of any government witnesses.

10     (17)   Agreements Between the Government and Witnesses. In this case, Mr. Talavera requests
11 identification of any cooperating witnesses who have committed crimes, but were not charged, so that they
12 may testify for the government in this case. Mr. Talavera also requests discovery regarding any express or
13 implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind
14 of agreement or understanding, including any implicit understanding relating to criminal or civil income tax,
15 forfeiture or fine liability between any prospective government witness and the government (federal, state
16 and/or local). This request also includes any discussion with a potential witness about, or advice concerning,
17 any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not
18 followed.

19     Pursuant to United States v. Sudikoff, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests all
20 statements made, either personally or through counsel, at any time, which relate to the witnesses' statements
21 regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of
22 these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time.

23     (18)   Informants and Cooperating Witnesses. Mr. Talavera requests disclosure of the names and
24 addresses of all informants or cooperating witnesses used, or to be used, in this case, and in particular,
25 disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime
26 charged against Mr. Talavera. The government must disclose the informant's identity and location, as well
27 as the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United
28

1  States, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants
2  which exculpates or tends to exculpate Mr. Talavera.

3      (19)   <u>Bias by Informants or Cooperating Witnesses</u>.  Mr. Talavera requests disclosure of any
4  information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>.
5  Such information would include what, if any, inducements, favors, payments or threats were made to the
6  witness to secure cooperation with the authorities.

7      (20)   <u>Inspection and Copying of A-File</u>.  Mr. Talavera requests that this Court order the
8  government to make all A-Files relevant to Mr. Talavera available for inspection and copying.

9      (21)   <u>Residual Request</u>.  Mr. Talavera intends, by this discovery motion, to invoke his rights to
10 discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution
11 and laws of the United States.  Mr. Talavera requests that the government provide his attorney with the
12 above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-
13 examination.

### III.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

16     Mr. Talavera and defense counsel have received sixty pages of discovery in this case.  As new
17 information surfaces due to the government providing discovery in response to these motions or an order of
18 this Court, defense will find it necessary to file further motions, or to supplement existing motions with
19 additional facts.  Therefore, defense counsel requests the opportunity to file further motions based upon
20 information gained from discovery.

### IV.

### CONCLUSION

23     For the reasons stated above, Mr. Talavera moves this Court to grant his motions.

    Respectfully submitted,

DATED:   July 22, 2008

*/s/ Sara M. Peloquin*
**SARA M. PELOQUIN**
Federal Defenders of San Diego, Inc.
Attorneys for Ricardo Talavera

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08CR02264-L |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| RICARDO TALAVERA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Counsel for Defendant certifies that the foregoing pleading, is true and accurate to the best of her information and belief, and that a copy of the foregoing has been electronically served this day upon:

    Aaron Clark, Assistant United States Attorney
    880 Front Street
    San Diego, CA  92101

Dated:  July 22, 2008             /s/Sara M. Peloquin
                                                                    **SARA M. PELOQUIN**
                                                                    Federal Defenders
                                                                      225 Broadway, Suite 900
                                                                     San Diego, CA 92101-5030
                                                                     (619) 234-8467  (tel)
                                                                     (619) 687-2666  (fax)
                                                                     Email: sara_peloquin@fd.org